UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | | |
|---|---|---|
| HILDA L. SOLIS,<br>Secretary of Labor,<br>United States Department of Labor,<br><br>     Plaintiff,<br><br>v.<br><br>THE VANGUARD CORPORATION OF<br>AMERICA, RICHARD S. KRUGMAN,<br>TAMARA B. GIORDANO, THE VANGUARD<br>COPORATION OF AMERICA 401(k) PLAN,<br><br>     Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | FILE NO.<br><br>_____<br><br><br><br><br><br><br><br><br>**C O M P L A I N T**<br>**(Injunctive Relief Sought)** |

Plaintiff **HILDA L. SOLIS**, Secretary of Labor, **UNITED STATES DEPARTMENT OF LABOR** ("the Secretary") alleges as follows:

  1.  This cause of action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq., and is brought by the Secretary under § 502(a)(2) and (5) of ERISA, 29 U.S.C. § 1132(a)(2) and (5), to enjoin acts and practices which violate the provisions of Title I of ERISA, to obtain appropriate relief for breaches of fiduciary duty under ERISA § 409, 29 U.S.C. § 1109, and to obtain such other further relief as may be appropriate to redress violations and enforce the provisions of that Title.

  2.  Jurisdiction over this action is conferred upon the Court by § 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1).

  3.  Venue lies in the Southern District of Florida pursuant to § 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

4. The Vanguard Corporation of America 401(k) Plan ("the Plan") is an employee benefit plan within the meaning of § 3(3) of ERISA, 29 U.S.C. § 1002(3), subject to coverage under ERISA pursuant to § 4(a), 29 U.S.C. § 1003(a), and is joined as a party defendant herein pursuant to Rule 19(a) of the Federal Rules of Civil Procedure solely to ensure that complete relief may be granted.

5. Defendant the Vanguard Corporation of America ("the Company"), the Plan's Sponsor and named Administrator, is or was at all times relevant to this action a "fiduciary" within the meaning of § 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A) and a "party in interest" within the meaning of § 3(14) of ERISA, 29 U.S.C. § 1002(14)(A) and (C).

6. Defendant Richard S. Krugman, President of the Company and named Trustee of the Plan, is or was at all times relevant to this action a "fiduciary" within the meaning of § 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A) and a "party in interest" within the meaning of § 3(14) of ERISA, 29 U.S.C. § 1002(14)(A) and (C).

7. Defendant Tamara B. Giordano, an officer and director for the Company and named Trustee of the Plan, is or was at all times relevant to this action a "fiduciary" within the meaning of § 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A) and a "party in interest" within the meaning of § 3(14) of ERISA, 29 U.S.C. § 1002(14)(A) and (C).

8. The Plan was established by the Company in 1998.

9. The Plan currently has approximately twenty-six participants and assets of approximately $244,099.27 which are held by Securian Retirement Services.

10. The Company ceased operations in or around January 18, 2008.

11. When the Company ceased operations, the Defendants failed to effectuate the termination of the Plan and to ensure that the funds in the Plan were appropriately distributed to participants.

12. Since the Company ceased operations, the Defendants have failed to administer the Plan and have effectively abandoned it, as a result of which participants are unable to receive information about their funds and are unable to gain access to their funds.

13. By causing, allowing or engaging in the acts or omissions set forth in paragraphs 11 and 12, the Defendants breached their fiduciary obligations under ERISA by:

(a) failing to discharge their duties with respect to the Plan solely in the interest of the participants and beneficiaries of the Plan and for the exclusive purpose of providing benefits and defraying reasonable expenses of plan administration, in violation of § 404(a)(1)(A) of ERISA, 29 U.S.C. § 1104(a)(1)(A);

(b) failing to discharge their duties with respect to the Plan with the requisite degree of care, skill, prudence and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of § 404(a)(1)(B) of ERISA, 29 U.S.C. § 1104(a)(1)(B);

(c) failing to discharge their duties with respect to the Plan in accordance with the documents and instruments governing the Plan, in violation of § 404(a)(1)(D) of ERISA, 29 U.S.C. § 1104(a)(1)(D).

WHEREFORE, pursuant to § 502(a)(2) and (5) of ERISA, 29 U.S.C. § 1132(a)(2) and (5), Plaintiff prays that the Court:

    A.    Enjoin the Defendants from engaging in any further action in violation of Title I of ERISA;

    B.    Remove the Defendants from their positions as fiduciaries with respect to the Plan, and permanently bar them from serving as fiduciaries for, or having control over the assets of, any employee benefit plan subject to ERISA;

    C.    Appoint an Independent Fiduciary at the Defendants' expense to arrange for termination of the Plan and distribution of its assets; and

    D.    Provide such other relief as may be just and equitable.

ADDRESS:

Office of the Solicitor
U. S. Department of Labor
61 Forsyth Street, S.W.
Room 7T10
Atlanta, GA  30303

Telephone:
(404) 302-5463
(404) 302-5438 (FAX)

SOL Case No. 11-07150

M. PATRICIA SMITH
Solicitor of Labor

STANLEY E. KEEN
Regional Solicitor

ROBERT M. LEWIS, JR.
Counsel

By: _____
    BENJAMIN A. STARK
    Attorney

Office of the Solicitor
U. S. Department of Labor
Attorneys for Plaintiff